UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TRAVIS BOULDIN,

    Petitioner,

v.                                            Civil Action No. 2:15cv264

HAROLD W. CLARKE,
Director of the Virginia
Department of Corrections,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Travis Bouldin ("Bouldin") was convicted in 2012 on charges of driving while intoxicated, third offense, and refusing to take a breathalyzer. His federal habeas petition alleges thirteen claims for relief. Respondent moved to dismiss the petition, and the matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure.

Bouldin has procedurally defaulted his claims. As set forth in detail below, certain claims were presented in a state habeas filing and resolved on the merits by the Chesapeake Circuit Court. But Bouldin failed to perfect an appeal to the Virginia Supreme Court for review, and the claims would now be procedurally barred if he tried to present them. With regard to all of the defaulted claims, Bouldin cannot show cause and prejudice to excuse the default, nor has he asserted a plausible claim of actual innocence. Accordingly, the undersigned RECOMMENDS that the court deny all of Bouldin's claims, GRANT Respondent's motion (ECF No. 9), and DISMISS the petition.

1

## I.     STATEMENT OF THE CASE

Following a bench trial, the Circuit Court of the City of Chesapeake convicted Bouldin of driving under the influence of alcohol, third offense, in violation of Virginia Code § 18.2-266, and refusing a breath test, in violation of Virginia Code § 18.2-268.3. Final judgment was entered September 12, 2012. The court sentenced him to a total of six years' imprisonment with five years and three months suspended, for an active sentence of nine months.[1] Sentencing Order, Commonwealth v. Bouldin, Nos. CR11-2948 and CR11-3076 (Va. Cir. Ct. Sept. 12, 2012).

Bouldin appealed his convictions to the Court of Appeals of Virginia. Bouldin v. Commonwealth, No. 1735-12-1 (Va. Ct. App. May 24, 2014) (per curiam). He argued that the evidence was insufficient to support his convictions. In denying his appeal, the Court of Appeals summarized the facts relevant to his arguments as follows:

> [T]he evidence proved that on March 9, 2011, Trooper T. M. Albright was on patrol when he recorded appellant exceeding the speed limit in his vehicle. Albright initiated a traffic stop and approached appellant's car. Appellant initially faced away from the officer as he answered the officer's questions. When appellant finally turned towards Albright, the officer detected the odor of alcohol on appellant's breath. Appellant admitted his license was suspended. When appellant exited the vehicle, Albright noted appellant staggered as he walked and lost his balance while walking just a short distance.
>
> Albright testified appellant had urinated on himself, his face was flushed, and his eyes were glassy and red. Appellant performed poorly on field sobriety tests administered at the scene. Appellant admitted having consumed alcohol but claimed he had only two beers earlier that night. Albright then arrested appellant and transported him to the police station.
>
> At the station, Albright instructed appellant about how to use the Intoxilyzer and informed appellant about implied consent. Albright testified appellant would not exhale in one long breath as instructed multiple times. Appellant refused to

---

[1] Bouldin was apparently released from his active term of incarceration prior to filing his federal habeas petition. As the Government has not raised any jurisdictional arguments, however, this report assumes that the terms of his suspended sentence are sufficient to meet the "in custody" requirement of 28 U.S.C. § 2254. Maleng v. Cook, 490 U.S. 488, 491 (1989).

> comply with the instructions, smiled at the officer, and claimed he was having trouble hearing. Due to appellant's actions, the officer was unable to obtain a reliable sample.

Id.

The Court of Appeals found the evidence sufficient to sustain the convictions on both counts and denied his petition for appeal on the merits by a per curiam opinion dated March 27, 2013. Id. Thereafter, Bouldin filed a petition for appeal in the Supreme Court of Virginia, which denied his appeal on November 20, 2013. Bouldin v. Commonwealth, No. 131004 (Va. Nov. 20, 2013).

On November 26, 2013, Bouldin filed a petition for a writ of habeas corpus in the Circuit Court of the City of Chesapeake. His state habeas petition asserted 17 different claims related to the alleged ineffectiveness of his trial counsel, and violation of his constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. In a written opinion the state habeas court rejected each claim. Bouldin v. Clarke, No. CL13-2807 (Va. Cir. Ct. Feb. 27, 2014).

Bouldin then noted an appeal to the Supreme Court of Virginia. However, he later filed several procedural motions prompting a request for clarification by the Supreme Court Clerk. When Bouldin failed to proceed as required to perfect his appeal, it was dismissed. Bouldin v. Clarke, No. 140915 (Va. Aug. 13, 2014). Bouldin then filed his federal habeas petition, pro sé on June 12, 2015. (ECF No. 1).

In his federal petition, Bouldin's allegations and argument comprise thirteen claims for habeas relief, which largely overlap the allegations in his state habeas petition. Specifically, the federal petition asserts the following thirteen grounds, paraphrased from Bouldin's pleading:

1. Ineffective assistance related to Bouldin's preliminary hearing.

2. Ineffective assistance related to an alleged failure to preserve grounds for appeal.

3. A due process violation related to preserving the testimony at a preliminary hearing.

4. Violation of the Fourth Amendment, because the officers did not have probable cause to approach Bouldin's vehicle.

5. Violation of the Fifth Amendment based on the police officer's questioning of Bouldin.

6. Violation of Sixth Amendment confrontation clause related to testimony given to the magistrate.

7. Violation of the Eighth Amendment based on the conditions of Bouldin's bail, including alcohol monitoring and a curfew.

8. Prosecutorial misconduct related to admission of hearsay evidence and the prosecutor's alleged failure to examine evidence tending to exonerate Bouldin.

9. Violation of the Sixth Amendment confrontation clause related to Bouldin's inability to cross-examine the magistrate.

10. "Mitigating evidence" apparently related to the improper authentication of public records.

11. Violation of Miranda.

12. Ineffective assistance related to trial counsel's failure to request a suppression hearing.

13. Ineffectiveness of trial counsel in failing to preserve objections and obtain a preliminary hearing.

(ECF No. 1, at 5-28). Bouldin's federal petition does not assert a claim that he was convicted on insufficient evidence, however, he did briefly reiterate this argument in his response to the Respondent's motion to dismiss. (ECF No. 15, at 14). Because Bouldin's sufficiency of the evidence argument was properly exhausted by presentation to the Supreme Court of Virginia, and in the interest of liberal construction due to Bouldin's pro sé pleadings, this report will also consider whether he has stated a violation of due process based on the sufficiency of the evidence.

The Respondent filed a motion to dismiss the petition arguing that all of Bouldin's claims were procedurally defaulted, and Bouldin had not established a basis to excuse the default and obtain review in this court. See Resp't's Br. (ECF No. 8, at 6-9). Bouldin received notice of the motion and his opportunity to respond as required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Bouldin filed a timely opposition brief totaling 46 pages (ECF No. 15), and the matter is ripe for review.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

All of Bouldin's claims are either procedurally defaulted or simultaneously exhausted and defaulted, and he has not made the necessary showing to obtain review of those claims in federal court. To the extent his evidentiary claim may be considered exhausted, it lacks merit.

Habeas petitions that challenge a state's custody over a petitioner must show that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before seeking a writ of habeas corpus from a federal court, petitioners must exhaust the remedies available to them in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). The state prisoner must give the state court an initial opportunity to consider the alleged constitutional errors that occurred in his state trial and sentencing. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). In order "[t]o satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Picard v. Connor, 404 U.S. 270, 275-76 (1971). This "generally requires that the essential legal theories and factual allegations advanced in federal court be the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). In other words, Bouldin must have "present[ed] the same factual and legal

claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." Sparrow v. Dir., Dep't of Corr., 439 F. Supp. 2d 584, 587 (E.D. Va. 2006).

If a petitioner presents unexhausted claims, the court may dismiss the federal petition without prejudice to permit exhaustion. See, e.g., George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996). However, "when it is clear that the state law would bar state review, exhaustion is not required, and federal review is precluded." Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990); see also Gray v. Netherland, 518 U.S. 152, 161 (1996). This is so because federal habeas review under § 2254 is limited to review of the state court's decision on a merits issue cognizable under federal law.[2] That is, the existence of a procedural bar in state court will render a petitioner's claims both exhausted and defaulted at once when presented in federal court, so long as the state procedural bar rests on independent and adequate state law grounds. See Bassette, 915 F.2d at 937. That is the case here.

Bouldin presented his various claims in a state habeas petition. See State Habeas Pet., Bouldin v. Clarke (ECF No. 8-4). The petition was considered and denied on the merits in a written opinion by the Circuit Court of the City of Chesapeake. Bouldin v. Clarke, No. CL13-2807 (Va. Cir. Ct. Feb. 27, 2014) (ECF No. 8-6). Bouldin then appealed the circuit court's state habeas decision to the Supreme Court of Virginia. But this appeal was dismissed as a result of his failure to timely file a petition under Rule 5:17(a)(1) of the Rules of the Supreme Court of Virginia. Bouldin's procedural default in the state court prevented him from presenting the claims raised in his circuit court habeas petition to the Supreme Court of Virginia. Moreover,

---

[2] In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits," because "Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that 'resulted in' a decision that was contrary to, or 'involved' an unreasonable application of, established law." Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011).

Virginia's bar on successive petitions prevents Bouldin from filing a new state habeas petition that raises claims barred on the same facts. See Va. Code Ann. § 8.01-654(B)(2). These rules are independent and adequate state law grounds which prevent Bouldin from now exhausting the claims presented here. O'Dell v. Netherland, 95 F.3d 1214, 1244 (4th Cir. 1996). Because Bouldin cannot now present these claims to the Supreme Court of Virginia, they are exhausted, defaulted, and precluded from federal habeas review by this court. See Gray v. Netherland, 518 U.S. 152, 161-62 (1996) (discussing § 2254(b) and Virginia Code § 8.01-654(B)(2)).

A petitioner may overcome a procedural default by showing "cause and prejudice" or by establishing that his confinement constitutes "a miscarriage of justice." Wainwright v. Sykes, 433 U.S. 72, 90-91 (1977). The court may excuse a default under the cause and prejudice standard when the petitioner demonstrates (1) "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and (2) that "errors at his trial . . . worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions." Wolfe v. Johnson, 565 F.3d 140, 158 n.27 (4th Cir. 2009) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986); United States v. Frady, 456 U.S. 152, 170 (1982)). Bouldin has not attempted to meet the cause and prejudice standard, and the court's own review of the record discloses no evidence suggesting that he could. Notably, inadequate assistance of counsel for initial habeas proceedings may establish cause, in the cause and prejudice analysis, to excuse a petitioner's procedural default of a claim of ineffective assistance at trial. Martinez v. Ryan, 132 S. Ct. 1309, 1315 (2012). However, in this case, Bouldin obtained state review by filing his habeas petition in the circuit court, but defaulted his claims by failing to perfect an appeal. The rule from Martinez regarding cause and prejudice based on lack of counsel is

limited to <u>initial</u> collateral proceedings. See <u>Johnson v. Warden of Broad River Corr. Inst.</u>, No. 12-7270, 2013 WL 856731, at *1 (4th Cir. Mar. 8, 2013) (unpublished per curiam).

The second exception permitting review of procedurally defaulted claims requires that Bouldin demonstrate a miscarriage of justice based on his actual innocence. The exception excuses procedural default when "a constitutional error has probably resulted in the conviction of one who is actually innocent." <u>Carrier</u>, 477 U.S. at 496. To obtain federal review of a defaulted claim, the petitioner must identify "new reliable evidence," not available to him at trial, and the court must find, "in light of the new evidence it is more likely than not no reasonable juror would have convicted him." <u>Schlup v. Delo</u>, 513 U.S. 298, 327-28 (1995); <u>Sharpe v. Bell</u>, 592 F.3d 372, 377 (4th Cir. 2010). Bouldin's argument meets neither of these elements.

First, he has not identified any new evidence. His petition appears to argue that his attorney failed to obtain records of a preliminary hearing, or failed to review the evidence; but he has not proffered what that evidence would have shown, or how he was prejudiced by the alleged failure. Moreover, the absence of this evidence was known to Bouldin at the time of his conviction and was thoroughly addressed by the Chesapeake Circuit Court when it denied his state petition. <u>Bouldin v. Clarke</u>, No. CL13-2807 (Feb. 27, 2014) (ECF No. 8-6, at 5-6). As a result, the evidence is not new, and it does not establish that it was more likely than not that no reasonable juror would have found him guilty. Accordingly, these claims do not place his case in the narrow category of "extraordinary" cases warranting federal review of a defaulted claim. <u>Schlup</u>, 513 U.S. at 327 (quoting <u>McClesky v. Zant</u>, 499 U.S. 467, 494 (1991)).

A. **The Court of Appeals of Virginia's Conclusion That the Evidence Was Sufficient to Convict Bouldin Was Not Contrary to, or an Unreasonable Application of, Clearly Established Federal Law.**

Although not raised explicitly in his federal petition, Bouldin did present a sufficiency of

the evidence claim to the Supreme Court on direct appeal. He restated this argument in his brief responding to the Respondent's motion to dismiss. Accordingly, in deference to the liberal construction due his pro sé pleadings, this report will consider whether Bouldin's pleadings state a plausible claim for federal habeas relief on this ground.

An essential element of the right to due process secured by the Fourteenth Amendment to the United States Constitution is that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof – defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 443 U.S. 307, 316 (1979) (citing In re Winship, 397 U.S. 358 (1970)). Therefore, a petitioner who alleges that the evidence was insufficient to sustain a conviction has stated a constitutional claim cognizable in a federal habeas corpus proceeding. Id. at 321.

In reviewing a sufficiency of the evidence claim, the relevant inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original). The reviewing court must consider circumstantial as well as direct evidence, and allow the prosecution the benefit of all reasonable inferences from the facts proven to those sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

As the United States Supreme Court has expressly recognized, it is wholly the responsibility of the fact-finder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences. Jackson, 443 U.S. at 319. In Wright v. West, the Supreme Court expounded upon Jackson, stating:

> In Jackson, we emphasized repeatedly the deference owed to the trier of fact and, correspondingly, the sharply limited nature of constitutional sufficiency review. We

9

said that "<u>all of the evidence</u> is to be considered in the light most favorable to the prosecution," that the prosecution need not affirmatively "rule out every hypothesis except that of guilt," and that a reviewing court "faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."

505 U.S. 277, 296-97 (1992) (emphasis in original) (internal citations omitted).

Under federal habeas review, the court looks to the state court's decision and assesses only whether it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Here, the Court of Appeals of Virginia conducted a full review of Bouldin's claim on direct appeal, and concluded that there was sufficient evidence to convict him on both counts. Thus, Bouldin is only entitled to relief if that determination was an unreasonable application of the above-cited Supreme Court precedent. The undersigned finds that it was not.

Based on the evidence presented at trial, and as discussed by the Court of Appeals, there was adequate evidence for a reasonable trier of fact to find that the prosecution established all the elements of the counts Bouldin challenged. The excerpt from the Court of Appeals opinion quoted above demonstrates that the officer's testimony regarding Bouldin's driving, his behavior when stopped, his physical appearance, and his inability to walk even a short distance without falling were sufficient evidence of impairment. In addition, the odor of alcohol, glassy eyes, admission of drinking, and the fact that he had urinated on himself were sufficient to establish the basis of impairment was alcohol use. Finally, the officer's detailed descriptions of Bouldin's failed attempt to give a breath sample were sufficient to establish the refusal charge.

In short, based on the evidence presented at trial, including the testimony of the arresting officer regarding Bouldin's demeanor and physical condition, there was sufficient evidence for a reasonable trier of fact to find Bouldin guilty. As a result, Bouldin cannot establish that the state court decision affirming his conviction was unreasonable, and the undersigned recommends that any sufficiency claim contained in the pleadings be dismissed.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that Respondent's Motion to Dismiss (ECF No. 7) be GRANTED, that Bouldin's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 be DENIED and the claims DISMISSED with prejudice.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendation within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. §636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir.

1984).

      The Clerk shall mail a copy of this Report to the petitioner and provide an electronic copy to counsel of record for the Respondent.

                                                               /s/
                                               Douglas E. Miller
                                               United States Magistrate Judge

                                               **DOUGLAS E. MILLER**
                                               **UNITED STATES MAGISTRATE JUDGE**

Norfolk, Virginia

April 15, 2016

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to:

**Travis Bouldin**
1180 Lord Dunmore Drive
Virginia Beach, VA 23464

and an electronic copy was provided to:

**Elizabeth Catherine Kiernan**
Office of the Attorney General (Richmond)
900 E. Main St.
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
Deputy Clerk

April 15, 2016